UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cr-60044-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTONIO ALBERTO RUIZ,

    Defendant.
_____/

**ORDER ON MOTION TO AMEND JUDGMENT**

**THIS CAUSE** is before the Court upon Movant Antonio Alberto Ruiz's ("Ruiz") Motion to Amend Judgment, ECF No. [183] ("Motion"). The Government filed a Response, ECF No. [185], to which Ruiz filed a Reply, ECF No. [187]. The Court has reviewed the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.    BACKGROUND**

On August 28, 2015, Ruiz was convicted and sentenced to 144 months of imprisonment for conspiracy to possess with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. § 846. ECF Nos. [124] & [126]. Because Ruiz was on supervised release in Case No. 00-cr-01011-KMM at the time, his supervised release was revoked, and he was sentenced to an additional term of 27 months. *See United States v. Ruiz*, No. 00-cr-01011-KMM, ECF No. [203] (S.D. Fla., Nov. 12, 2015). Those 27 months were ordered to run consecutive to the 144-month sentence imposed in this case. *Id.*

On April 25, 2022,[1] Ruiz filed the instant Motion. ECF No. [183]. Therein, he requests that his two sentences – 144 months in this case and 27 months in 00-cr-01011-KMM – be combined into an aggregate sentence of 171 months. *Id*. at 1. He believes that if the Federal Bureau of Prisons aggregates the sentences, then he will be eligible for home confinement and other benefits. *Id.*

Also on April 25, 2022, Ruiz filed an identical motion in Case No. 00-cr-01011-KMM. *See* ECF No. [308] in 00-cr-01011-KMM. The court in that case denied Ruiz's motion for failure to state a statute or rule that would justify a modification of his sentence, and because the time to modify or appeal his sentence had long passed. *See* ECF No. [309] (citing 18 U.S.C. § 3742; Fed. R. Crim. P. 35).

Here, the Government argues that the Court should deny Ruiz's Motion for the same reasons stated by the court in Case No. 00-cr-01011. *See* ECF No. [185] at 3. The Government further argues that Ruiz has failed to exhaust his administrative remedies. *Id*. Ruiz contests the Government's exhaustion argument in his Reply, ECF No. [187], which includes 32 pages from the administrative record. *See* ECF No. [187-1].

## II. DISCUSSION

The Court agrees with the court's decision in Case No. 00-cr-01011. To the extent that Ruiz's Motion is a Motion to Amend Judgment, as indicated in the Motion's heading, the Motion is not timely. *See* Fed. R. Crim. P. 35(a) (requiring that corrections to a sentence be made within "14 days after sentencing"). However, as Ruiz notes in his Reply, the purpose of his Motion is not to amend the judgment or sentence of either case. *See* ECF No. [187] at 2. Rather, the purpose of his Motion is to seek an order requiring the Bureau of Prisons to treat his two sentences as a single

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).

Case No. 15-cr-60044-BLOOM

combined sentence. *Id.*; *see also* 18 U.S.C. § 3584 ("Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.").

"Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). Although the Motion is styled as a "Motion to Amend Judgment," in substance it is a challenge to the way in which the Bureau of Prison is calculating and not aggregating his sentences. As such, he is challenging "the execution" of his sentences, "rather than the validity of the sentence[s]." *Antonelli v. Warden*, 542 F.3d 1348, 1352 (11th Cir. 2008). Such a challenge is not necessarily untimely in these circumstances, but it must be brought as a civil action under 28 U.S.C. § 2241, not as a motion in the underlying criminal case, as Ruiz has done here. *See id.*

### III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [183]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 31, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

**Antonio Alberto Ruiz**
61667-004

Case No. 15-cr-60044-BLOOM

Miami FCI
Inmate Mail/Parcels
Post Office Box 779800
Miami, FL 33177