UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cr-60044-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTONIO ALBERTO RUIZ,

    Defendant.

_____/

### ORDER ON MOTION TO REDUCE SENTENCE

**THIS CAUSE** is before the Court upon the Petitioner Antonio Alberto Ruiz's ("Ruiz") Motion to Reduce Sentence Due to Extraordinary and Compelling Circumstance Under 18 U.S.C. § 3582(c)(1)(A), ECF No. [186] (the "Motion"). The Government filed a Response, ECF No. [189], and a Supplemental Response, ECF No. [190]. Ruiz filed a Reply, ECF No. [191], and a Supplement Reply, ECF No. [192]. The Court has reviewed the Motion, the Responses, the Replies, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.    BACKGROUND**

On August 8, 2000, Ruiz was sentenced to 70 months in prison, followed by 5 years of supervised release, for possession with intent to distribute cocaine. *See United States v. Ruiz*, No. 00-cr-00321, ECF No. [15] (S.D. Fla., Aug. 8, 2000). One year later, he was sentenced to 144 months in prison, followed by 10 years of supervised release, for possession with intent to distribute five kilograms or more of cocaine. *See United States v. Ruiz*, 00-cr-01011, ECF No.

[203] (S.D. Fla., Aug. 29, 2001). That 144-month sentence was to run concurrent with the 70-month sentence. *Id.*

While on supervised release in those two cases, Ruiz committed an additional narcotics distribution offense, which led to his conviction and sentence in the present case. On August 28, 2015, this Court sentenced Ruiz to 144 months' imprisonment for conspiracy to possess with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. § 846. ECF Nos. [124] and [126]. Because Ruiz was on supervised release in Case Nos. 00-cr-00321 and 00-cr-01011 at the time, his supervised release was revoked, and he was sentenced to prison terms of 27 months in each of those cases. *See United States v. Ruiz*, No. 00-cr-00321, ECF No. [45] (S.D. Fla., Nov. 12, 2015); *United States v. Ruiz*, No. 00-cr-01011, ECF No. [203] (S.D. Fla., Nov. 12, 2015). Those 27 months were ordered to run concurrent with each other but consecutive to the 144-month sentence imposed in this case, 15-cr-60044. *Id.*

In total, Ruiz currently faces a 171-month term of imprisonment. As of the date of this Order, he has served approximately 90 months or 52.6% of that sentence. ECF No. [189] at 3. Factoring in good time credit, he has served 61.6% of his time. *Id.* at 4.

In the instant Motion, Ruiz seeks a reduction of sentence due to "extraordinary circumstances," pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. [186] at 1. In the alternative, he seeks to be transferred to home confinement under the CARES Act, 18 U.S.C. § 3624(c)(2). *Id.* at 9.

II.   **LEGAL STANDARD**

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir.

2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Ruiz seeks relief specifically under the compassionate release provision, § 3582(c)(1)(A), which states:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . .
> . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

The current policy statement provides that

3

Case No. 15-cr-60044-BLOOM

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

>   (1)(A) extraordinary and compelling reasons warrant the reduction; or
>
>   (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
>   (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>   (3) the reduction is consistent with this policy statement.

**Commentary**

**Application Notes:**

1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

>   (A) **Medical Condition of the Defendant.**—
>
>   >   (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>   >
>   >   (ii) The defendant is—
>   >
>   >   >   (I) suffering from a serious physical or medical condition,
>   >   >
>   >   >   (II) suffering from a serious functional or cognitive impairment, or
>   >   >
>   >   >   (III) experiencing deteriorating physical or mental health because of the aging process,

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) **Family Circumstances.**—
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2018) ("U.S.S.G.").

Although the existing policy statement still assumes compassionate release "may be granted only upon motion by the Director of the Bureau of Prisons," the United States Court of Appeals for the Eleventh Circuit recently decided that § 1B1.13 is applicable for all § 3582(c)(1)(A) motions, whether filed by the BOP or by a defendant directly, and courts do not have discretion to develop "other reasons" to justify a reduction in a defendant's sentence. *United States of America v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021). Accordingly, the Court must apply § 1B1.13 to determine whether extraordinary and compelling circumstances exist.

Moreover, § 3582 delineates how this Court should analyze whether a defendant is entitled to a sentence modification.

> *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has

been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test . . . . And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1238 (S.D. Fla. 2020).

Thus, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). Through this lens, the Court considers the instant Motion.

### III. DISCUSSION

#### i. Compassionate Release

The Court begins with Ruiz's request for compassionate release under § 3582. As noted above, the first step of the § 3582 analysis is to determine whether Ruiz has exhausted his administrative remedies. Ruiz attached to his Motion emails he sent to the warden and case manager seeking compassionate release or home confinement, along with responses from the BOP administration. ECF No. [186] at 14-26. The Government concedes that Ruiz exhausted his administrative remedies. ECF No. [189] at 7. Having reviewed the record in full, the Court agrees.

As to "extraordinary and compelling circumstances" that justify early release, Ruiz presents two interrelated arguments. First, he asserts that he is "experiencing deteriorating mental or physical health that substantially diminishes his ability to function in a correctional facility and is over 65 years old." ECF No. [186] at 4. However, Ruiz has not specified any illness or condition

6

that is causing a deterioration in his mental and physical health. As the Government notes in its response, ECF No. [189] at 7, the medical conditions listed on his medical record do not indicate any severe medical issue that he is experiencing. ECF No. [186] at 30. Ruiz's age alone is insufficient to constitute an extraordinary and compelling circumstance. *See* U.S.S.G. § 1B1.13, App. Note 1.

Second and relatedly, Ruiz argues that he is eligible for compassionate release due to his heightened risk of experiencing severe illness caused by COVID-19, due to his age of 65. ECF No. [186] at 6. But apart from his age, Ruiz has not asserted a medical condition that would make him especially susceptible to grave COVID-19 illness. None of the conditions listed in his medical record have been identified by the Centers for Disease Control and Prevention as a COVID-19 risk factor. ECF No. [186] at 30; *see also People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated September 2, 2022). "General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence[.]" *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020). As noted above, Ruiz's age of 65 years does not entitle him to early release.

In sum, while the Court is certainly sympathetic to Defendant's concerns regarding COVID-19, his medical records do not indicate that he is suffering from any condition, impairment, or deterioration of his health. U.S.S.G. § 1B1.13(A)(ii). Defendant has therefore failed to establish extraordinary and compelling circumstances that would warrant early release.[1]

---

[1] Because the Motion fails to establish any extraordinary and compelling circumstances under the compassionate release analysis, the Court need not address the remaining considerations under § 3553(a) or § 3142(g).

### ii. Ruiz's Request for Home Confinement

In the alternative to early release, Ruiz seeks to be transferred to home confinement under the CARES Act, 18 U.S.C. § 3624(c)(2). ECF No. [186] at 3. He asserts that he is eligible for home confinement based on the Bureau of Prison's ("BOP") regulations because he has served over 50% of his sentence. *Id.* The BOP rejected his request for home confinement because, rather than considering Ruiz to have served 90 months of an aggregate 171-month sentence, the BOP adjudged him to have served 90 months of his 144-month sentence and 0 months of his consecutive 27-month sentence. *Id.* at 20. The BOP therefore concluded that Ruiz does not meet the 50% "time-served requirement" for home confinement. *Id.*

As the Government correctly notes, ECF No. [189] at 5 n.2, the Court does not have authority to order Ruiz's transfer to home confinement. *See United States v. Calderon*, 801 F. App'x 730, 731-32 (11th Cir. 2020); *United States v. Alvarez*, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla., May 21, 2020) ("Based on the clear statutory language of . . . the CARES Act, this Court has no authority to grant Defendant's request for placement in home confinement."). The BOP has "exclusive authority" to determine Ruiz's place of confinement. *Alvarez*, 2020 WL 2572519, at *2.

However, to the extent that the BOP denied Ruiz's request for home confinement based solely on the BOP's determination that Ruiz's two sentences cannot be aggregated, *see* ECF No. [190-1], that determination was unlawful. Title 18 U.S.C. § 3584(c) unambiguously states: "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." The BOP does not dispute that the decision to transfer an elderly inmate to home confinement is an "administrative" decision. ECF No. [190-1]; *see also United States v. Mills*, No. 02-cr-115, 2018 WL 5310132, at *2 (M.D.

Fla., Apr. 16, 2018) ("[W]hile the phrase 'for administrative purposes' has not been exhaustively defined, it certainly seems to encompass the BOP's computation of whether an inmate has served 75% of his sentence for purposes of determining his eligibility for compassionate release.").

It is telling that the Department of Justice ("DOJ") initially agreed with Ruiz that his sentences should be aggregated. ECF No. [189] at 4. But after conferring with BOP's counsel, the DOJ subsequently filed a Supplemental Response to include the BOP's "explanation as to why the defendant's sentences were not aggregating for BOP administrative purposes." ECF No. [190] at 1. That explanation consists entirely of a Declaration from a BOP "Management Analyst," stating that the BOP's decision not to aggregate Ruiz's sentences is consistent with guidelines within the BOP's Program Statement. ECF No. [190-1]. But there is no explanation as to how the BOP's guidelines are reconcilable with 18 U.S.C. § 3584(c). Apparently, the BOP's position is that its Program Statement takes precedence over that federal statute. That position is obviously meritless. *See, e.g.*, *Stinson v. United States*, 508 U.S. 36, 44 (1993) ("[I]f a statute is unambiguous the statute governs[.]").

In sum, the BOP's decision not to aggregate Ruiz's sentences violates 18 U.SC. § 3584(c), which unambiguously requires that "[m]ultiple terms of imprisonment . . . be treated for administrative purposes as a single, aggregate term of imprisonment." While the BOP has the "exclusive authority" to determine Ruiz's place of confinement, *Alvarez*, 2020 WL 2572519, at *2, the BOP must comply with 18 U.S.C. § 3584(c) when making the initial determination as to whether Ruiz has served 50% of his 171-month aggregate sentence.

IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [186]**, is **DENIED** to the extent that Ruiz asks the Court to order his release or transfer to home

confinement. However, Ruiz is correct that the BOP violated 18 U.S.C. § 3584(c) in refusing to aggregate his two sentences for the "administrative purpose[ ]" of determining Ruiz's eligibility for home confinement.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 15, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

**Antonio Alberto Ruiz**
61667-004
Miami FCI
Inmate Mail/Parcels
Post Office Box 779800
Miami, FL 33177