**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 15-cr-60044-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTONIO ALBERTO RUIZ,

    Defendant.

_____/

**ORDER DENYING MOTIONS FOR RECONSIDERATION**

**THIS CAUSE** is before the Court upon the Motion for Reconsideration for Release to Home Confinement Under the Cares Act, ECF No. [195] ("First Motion"), and the Motion for Reconsideration in Response to Order to Reduce Sentence, ECF No. [197] ("Second Motion"), filed by Defendant Antonio Alberto Ruiz ("Ruiz"). Both Motions request reconsideration of the Court's Order on Motion to Reduce Sentence, ECF No. [194] (the "Order"). The Government filed a Response to Ruiz's First Motion, ECF No. [195]. The Court has considered Ruiz's Motions, the Government's Response, the record, the applicable law, and is otherwise fully informed. For the reasons set forth below, Ruiz's Motions are denied.

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009).

Case No. 15-cr-60044-BLOOM

In the Order challenged by Ruiz, the Court denied Ruiz's request for release or transfer to home confinement. ECF No. [194] at 9-10. The Court explained that this Court lacks the authority to order Ruiz's transfer because the Bureau of Prisons ("BOP") has the "exclusive authority" to determine Ruiz's place of confinement. *Id*. at 8. However, the Court concluded that, to the extent the BOP had denied Ruiz's transfer request based on its refusal to aggregate Ruiz's multiple sentences for the administrative purpose of determining Ruiz's eligibility for home confinement, that determination by the BOP was unlawful. *Id*. at 9 (explaining that the BOP's position violates 18 U.S.C. § 3584(c)). Consistent with the Court's Order, the Government has indicated that the BOP is now reconsidering Ruiz's eligibility for home confinement. ECF No. [196] at 2.

In the instant Motions, Ruiz repeats his request that the Court order his transfer to home confinement. ECF Nos. [195] at 5, [197] at 4. For the reasons the Court has already explained, the Court does not have the authority to grant Ruiz the relief he seeks. ECF No. [194] at 8. Ruiz has not "set forth facts or law" showing that the Court's decision was incorrect. *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003); *see Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) ("Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of [a motion for reconsideration]."). In fact, Ruiz concedes that "the Bureau of Prison[s] retains exclusive control over Cares Act home confinement approval." ECF No. [197] at 3. Ruiz nonetheless argues that the instant case "qualif[ies] for an exception" because of the BOP's prior refusal to aggregate Ruiz's sentences. ECF No. [197] at 3. However, Ruiz has provided no support for his dubious position that the Court can ever exceed its jurisdictional limitations.

Accordingly, it is **ORDERED AND ADJUDGED** that Ruiz's Motions, **ECF No. [195]** and **ECF No. [197]**, are **DENIED**.

Case No. 15-cr-60044-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 7, 2022.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

**Antonio Alberto Ruiz**
61667-004
Miami FCI
Inmate Mail/Parcels
Post Office Box 779800
Miami, FL 33177